# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUSSIE M. WALKER COMMUNITY )
CENTER, )
 )
        Plaintiff, )
 )
        v. ) 02: 07cv1646
 )
CHURCH MUTUAL INSURANCE )
COMPANY, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is the MOTION TO DISMISS, with brief in support, filed by Defendant, Church Mutual Insurance Company (*Document Nos. 3 and 4, respectively*), the BRIEF AND RESPONSE in opposition filed by Plaintiff, Gussie M. Walker Community Center (*Document Nos. 7 and 8, respectively*) and the REPLY BRIEF filed by Defendant (*Document No. 11*).

For the reasons that follow, the Motion to Dismiss will be denied without prejudice to Defendant to revisit these issues at summary judgment after discovery has been completed.

### PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit on November 17, 2007, by the filing of a five-count Complaint in the Court of Common Pleas of Lawrence County, in which it alleged the following causes of action:

    Count 1 - Reformation - Based on Mutual Mistake of the Parties;

    Count 2 - Reformation - Based on Reasonable Expectation of the Plaintiff;

    Count 3 - Breach of Contract;

Count 4 - Relief under the Pennsylvania Bad Faith Statute, 42 Pa. C.S. § 8371; and

Count 5 - Relief under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*[1]

On December 4, 2007, Defendant removed the lawsuit to this Court on the basis of complete diversity jurisdiction, 28 U.S.C. § 1441.

Defendant has filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant contends that the entire Complaint should be dismissed due to the "inherent contradictions in the allegations of the complaint, together with the absence of plausible facts to support the causes of action." Plaintiff has responded in opposition and this matter is now ripe for disposition.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the Complaint filed by plaintiff. Accordingly, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* -- F.3d --- , 2008 WL 305025 (3d Cir. Feb. 5, 2008) (*quoting Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). *See also Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955 (2007). A claim is vulnerable under Rule 12(b)(6) unless it alleges "enough facts to state a claim to relief that is plausible on its face."

---

[1] Plaintiff, through counsel, "concedes that Pennsylvania case law does not presently permit a corporation to pursue a claim under the Unfair Trade Practices and Consumer Protection Law." Accordingly, it is not necessary for the Court to address this issue.

*Twombly,* 127 S.Ct. 1974. The complaint must include enough detail "to raise a right to relief beyond the speculative level." *Id.* at 1967.

The fact that a court must assume as true all facts alleged, however, does not mean that the court must accept as true "unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Rather, "courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the Complaint or the defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to the Complaint is a copy of the insurance policy at issue and a copy of a Deed conveying a certain piece of real estate to Plaintiff. Because these documents are referenced in the Complaint and are essential to Plaintiff's claim, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

## DISCUSSION

According to the Complaint, Plaintiff, the Gussie M. Walker Community Center ("The Walker Center") maintained an office at the premises of the Saint John's United Holy Church, located at 1207 Moravia Street, New Castle, PA. The Walker Center owned certain personal property located in and being used in the basement of Saint John's Church.

Additionally, The Walker Center owned a separate building, also on Moravia Street but across the street from the church - known as the Davis Coal Building.

In approximately May of 2007, Defendant, Church Mutual Insurance Company ("Church Mutual") issued a policy of insurance to The Walker Center.

On August 6, 2007, the Davis Coal Building suffered a total loss by virtue of a "collapse." Plaintiff timely notified Church Mutual of the loss; however, Church Mutual denied the claim because it claims that the policy issued to Plaintiff only insured the personal property of The Walker Center located in the basement of Saint John's Church at 1207 Moravia Street.

The Walker Center contends that it was its intention that the policy at issue insure not only its personal property located and stored at 1207 Moravia (in Saint John's Church), but also the real estate it owned, specifically the Davis Coal Building. In support of its contentions, The Walker Center relies upon the policy's common declarations page, which lists forms and endorsements which include coverages only pertaining to real estate.

Church Mutual responds that these are pre-printed, multi-purpose policy forms, which "clearly delineates what property is covered (and, by omission, what property is not covered)." "Covered Property" can include a building as described in the Declarations, and/or personal property "located in or on the building described in the Declarations Page." However, according to Church Mutual, under the Property Coverage Part Declarations Page of this

4

particular policy (Form A 001 P (10-99), coverage is provided only for "PERSONAL PROPERTY."

At first blush, it would appear that the position of Church Mutual may have some merit. However, the facts of the Complaint must be viewed in a light most favorable to The Walker Center. In its Complaint, The Walker Center contends that either an underwriter or other agent of Church Mutual inspected and measured the real estate, as well as inspected the personal property to be insured. According to the Complaint, both prior to and during these inspections, The Walker Center explained that it wanted to insure the Davis Coal Building for both fire and casualty losses, as well as for liability, and wanted to insure its personal property located in the basement of St. John's Church.

It may well be that discovery will reveal that The Walker Center's claims are not justiciable. However, until such time, and in accordance with the appropriate standard of review, the Court finds and rules that Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face" and, thus, may maintain its claims for reformation of the policy, breach of contract, and relief under the bad faith statute. Count Five of the Complaint, in which Plaintiff seeks relief under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, will be dismissed without objection.

## Conclusion

For the reasons discussed *supra*, the Motion to Dismiss will be denied without prejudice. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUSSIE M. WALKER COMMUNITY CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 07cv1646 |
| CHURCH MUTUAL INSURANCE COMPANY, | ) ) ) ) | |

## ORDER OF COURT

**AND NOW**, this 14th day of February, 2008, in accordance with the foregoing Memorandum Opinion, is hereby **ORDERED** that the Motion to Dismiss filed by Defendant, Church Mutual Insurance Company is **DENIED WITHOUT PREJUDICE** to Defendant's right to revisit the issues at summary judgment after discovery is completed**.**

Count Five of the Complaint is dismissed without objection.

It is further **ORDERED** that Defendant shall file an Answer to Plaintiff's Complaint on or before **February 28, 2008.**

BY THE COURT:

s/ Terrence F. McVerry, Judge
United States District Court

cc: Charles W. Garbett, Esquire
Luxenberg, Garbett, Kelly & George
Email: cgarbett@lgkg.com

Louis C. Long, Esquire
Pietragallo Gordon Alfano Bosick & Raspanti, LLC
Email: lcl@pietragallo.com